UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-76-SDD-EWD** |
| **DISA GLOBAL SOLUTIONS, INC. ET AL.** | |

**ORDER**

Before the Court is an Amended Notice of Removal and Improper Joinder, filed by defendants DISA Global Solutions, Inc. ("DISA") and University MRO, LLC ("University").[1] On or about February 3, 2017, Plaintiff filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, against DISA, University, and Our Lady of the Lake Ascension, LLC d/b/a St. Elizabeth Physicians ("St. Elizabeth Physicians") based upon damages Plaintiff allegedly sustained as a result of a failed drug test.[2] On February 9, 2017, DISA and University removed the matter to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

On March 10, 2017, DISA and University filed an Amended Notice of Removal and Improper Joinder, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and that St. Elizabeth Physician was improperly joined as a defendant and had not been served at the time of removal on February 9, 2017.[4] The Amended Notice of Removal and Improper Joinder

---

[1] R. Doc. 12.
[2] R. Doc. 1-1.
[3] R. Doc. 1 at 1. The Notice of Removal does not state whether St. Elizabeth Physicians consented to the removal.
[4] R. Doc. 12 at 3.

contains the following allegations regarding citizenship of the parties:

> 5. Plaintiff claims to be now, and was at the time that the State Court Action was filed, domiciled in, and therefore a citizen of, the Parish of Livingston, State of Louisiana. [*See* Petition at introduction.]
>
> . . . .
>
> 7. Defendant DISA is a Delaware corporation with its principal place of business in Harris County, Texas. Therefore, Defendant DISA is a citizen of the States of Delaware and/or Texas.
>
> 8. Defendant University is a Delaware corporation with its principal place of business in Pennsylvania. Therefore, Defendant University is a citizen of the States of Delaware and/or Pennsylvania.
>
> 9. Defendant St. Elizabeth Physicians is a Louisiana limited liability company with its principal place of business in the Ascension Parish in the State of Louisiana.
>
> 10. Complete diversity of citizenship exists between Plaintiff and DISA and University in this lawsuit under 28 U.S.C. § 1332(a). Plaintiff is now, and was at the time that the State Court Action was filed, a citizen of the State of Louisiana. Defendants DISA and University are now, and were at the time that the State Court Action was filed, citizens of the States of Delaware and/or Texas and Delaware and/or Pennsylvania respectively. The Court may disregard St. Elizabeth Physicians' citizenship, as that entity was improperly joined in this action and had not been served at the time of the removal on February 9, 2017.[5]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Amended Notice of Removal and Improper Joinder. While the citizenship of James LeBlanc, DISA, and University has been adequately alleged,[6] there is no

---

[5] R. Doc. 12 at 3-4 (citations omitted).
[6] With respect to LeBlanc, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to DISA and University, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business." 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North*

allegation regarding the citizenship of St. Elizabeth Physicians.  For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that DISA and University shall have seven (7) days from the date of this Order to file a motion to substitute the Amended Notice of Removal and Improper Joinder[7] with a comprehensive amended notice of removal without further leave of Court, properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case.

Signed in Baton Rouge, Louisiana, on March 23, 2017.

                                                    */s/ Erin Wilder-Doomes*
                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

*America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[7] R. Doc. 12.