**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES LEBLANC | CIVIL ACTION |
| VERSUS | 17-76-SDD-EWD |
| DISA GLOBAL SOLUTIONS, INC., OUR LADY OF THE LAKE ASCENSION, LLC, AND UNIVERSITY MRO, LLC | |

## RULING

This matter is before the Court on the *Motion to Dismiss Pursuant to FRCP 12(b)(2) and/or Alternatively to 12(b)(6)*[1] filed by Defendant, University MRO, LLC ("University"). Plaintiff, James LeBlanc, ("Plaintiff") has filed an *Opposition*[2] to this motion. Subsequently, Plaintiff filed a *First Amended, Supplemental, and Restated Complaint* ("*Amended Complaint*")[3] which prompted University to file a *Supplemental Memorandum*[4] in support of its motion, to which Plaintiff filed a *Joint Supplemental Memorandum in Opposition.*[5] For the reasons which follow, the Court finds that it lacks personal jurisdiction over University, and the Rule 12(b)(2) motion will be granted.

---

[1] Rec. Doc. No. 7.
[2] Rec. Doc. No. 24.
[3] Rec. Doc. No. 44.
[4] Rec. Doc. No. 46.
[5] Rec. Doc. No. 47.
42943

## I. FACTUAL & PROCEDURAL BACKGROUND

This matter involves claims for damages allegedly sustained by Plaintiff resulting from a failed drug test conducted on behalf of his employer, Atlas Copco Rental, LLC ("Atlas"), on February 26, 2016. Plaintiff originally filed this action in state court against DISA Global Solutions, Inc. ("DISA"), Our Lady of the Lake Ascension, LLC, d/b/a St. Elizabeth Physicians ("STEP"),[6] and University, the movant herein. Plaintiff alleges that the Defendants were negligent in conducting his drug test.[7] Specifically, Plaintiff alleges he submitted to a random drug test at STEP on February 26, 2016, where STEP employees collected a hair sample for testing,[8] but failed to inquire about or document any medications Plaintiff was taking at the time of the test.[9] STEP sent Plaintiff's hair sample to Psychemedics Laboratory for analysis of the hair sample which resulted in positive finding of cocaine metabolites.[10] Psychemedics submitted this result to University for evaluation, and Dr. Terri Hellings, M.D., a Medical Review Officer ("MRO") employed by University, interviewed Plaintiff by telephone regarding the test results.[11] Plaintiff alleges that Dr. Hellings did not accept his explanation of legally prescribed medications and reported its findings to DISA and Atlas which resulted in Plaintiff being listed as "inactive" and prevented him from working in his field for Atlas.[12]

---

[6] STEP has recently been dismissed from this action without prejudice. *See* Rec. Doc. No. 51.
[7] Rec. Doc. No. 1-1, pp. 4-9.
[8] Rec. Doc. No. 44, ¶ V.
[9] *Id.* at ¶ VIII.
[10] *Id.* at ¶ IX.
[11] *Id.* at ¶ X.
[12] *Id.* at ¶¶ XII-XIII.
42943

University contends Plaintiff admits that University acted in accordance with its policy and procedures[13] but disagrees with University's conclusion regarding the effect his prescribed medications had on the drug test. Further, University contends that Plaintiff does not allege that the test results were inaccurate; rather, Plaintiff alleges only that University was negligent in not accepting Plaintiff's explanation for the cocaine-positive test results based on prescription medications prescribed nearly four months prior to the date of the test. University moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure or, alternatively, for failure to state a claim under Rule 12(b)(6).

## II.  LAW

### A.  General Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the nonresident.[14] When a district court rules on a motion to dismiss without an evidentiary hearing, the plaintiff need only present a *prima facie* case of personal jurisdiction.[15] At this stage, uncontroverted allegations in the complaint must be taken as true, and conflicts between the parties' affidavits must be resolved in the plaintiff's favor.[16]

---

[13] *Id.* at ¶ X.
[14] *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir.1982), *cert. den.*, 450 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).
[15] *Trinity Indus., Inc. v. Myers & Assoc., Ltd.*, 41 F.3d 229, 230–31 (5th Cir.1995) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 [1985], and *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir.1986), *cert. den.*, 481 U.S. 1015 (1987).
[16] *D.J. Inv., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir.1985).
42943

To aid resolution of the jurisdictional issue, a court "may receive interrogatories, depositions or any combination of the recognized methods of discovery ... But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts."[17]  "Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show that the assertion of jurisdiction would be unfair."[18]

"A federal district court has personal jurisdiction over a nonresident defendant to the same extent as a state court in the state in which the district court is located."[19]  Thus, personal jurisdiction over a nonresident defendant attaches only when a defendant is amenable to service of process under the forum state's long-arm statute and the exercise of jurisdiction comports with the due process clause of the fourteenth amendment.  In this case, these two queries merge into one because Louisiana's long-arm statute extends jurisdiction coextensively with the limits of the Due Process Clause of the U.S. Constitution.[20]

Where a defendant has "continuous and systematic general business contacts" with the forum state, the court may exercise "general jurisdiction" over any action brought

---

[17] *Walk Haydel & Assoc., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (holding that a district court erred in requiring a plaintiff to establish more than a prima facie case even after a limited pretrial evidentiary hearing) (internal citations and quotations omitted).
[18] *Id.* at 245 (quoting *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999)).
[19] *Walk Haydel*, 517 F.3d at 242.
[20] *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007); *St. Martin & Mahoney v. Patton*, 863 F.Supp. 311, 313–14 (E.D.La.1994).
42943

against the defendant.[21] Where contacts are less pervasive, a court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum."[22]

### B. Specific Jurisdiction

The constitutional requirements for specific jurisdiction may be satisfied by showing that the defendant has sufficient "minimum contacts" with the forum state such that imposing a judgment would not "offend traditional notions of fair play and substantial justice."[23] The Fifth Circuit follows a three-step analysis for this determination. First, a court must determine "whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there."[24]

This "minimum contacts"/"purposeful availment" inquiry is fact intensive. No one element is decisive, and the number of contacts with the forum state is not, by itself, determinative.[25] A single, substantial act directed toward the forum can support specific jurisdiction,[26] but even multiple contacts, if "[r]andom, fortuitous, or attenuated ... are not sufficient to establish jurisdiction."[27] What is significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the privileges or benefits

---

[21] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).
[22] *Id.* at 414; *Luv N' care, Ltd., v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).
[23] *Luv N' care*, 438 F.3d at 469 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).
[24] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002); *see also Hanson v. Denckla*, 357 U.S. 235, 250–251 (1958).
[25] *Luv N' care*, 438 F.3d at 470.
[26] *See ASARCO, Inc. v. Glenara, Ltd.*, 912 F.2d 784, 786 (5th Cir.1990).
[27] *Moncrief Oil*, 481 F.3d at 312 (citing *Burger King*, 471 U.S. at 479 (1985)).
42943

of the laws of the forum state.[28]

Second, a court considers "whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts."[29] At this step, the proper focus in the analysis is on the "relationship among the defendant, the forum, and the litigation."[30] This is a claim-specific inquiry, as "the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts."[31]

Finally, "[i]f the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise of jurisdiction would be unfair or unreasonable."[32] In this inquiry, a court analyzes five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."[33] "It is rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown."[34]

---

[28] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) (citing *Hanson* 357 U.S. at 251, 254); *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1028 (5th Cir.1983), *cert. den.*, 466 U.S. 962 (1984).
[29] *Nuovo Pignone*, 310 F.3d at 378.
[30] *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476, 487 (5th Cir. 2008).
[31] *Conwill v. Greenberg Traurig, L.L.P., et al.*, No. 09-4365, 2009 WL 5178310 at *3 (E.D.La. Dec. 22, 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006)).
[32] *Seiferth*, 472 F.3d at 271 (citing *Burger King*, 471 U.S. at 382).
[33] *Luv N' care*, 438 F.3d at 473; *see also, Burger King Corp.*, 471 U.S. at 476–77 (listing 7 factors).
[34] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 615 (5th Cir. 2008)(citing *Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir.1999)).
42943

## C. Minimum Contacts

Personal jurisdiction may not be avoided merely because a defendant did not physically enter the forum state. Although territorial presence frequently will enhance a potential defendant's affiliation with a state and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communication across state lines, thus obviating the need for physical presence within a state in which business is conducted. As long as a commercial actor's efforts are "purposefully directed" toward residents of the state in question, courts have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.[35]

Even so, "merely contracting with a resident of the forum state does not establish minimum contacts."[36] "A contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction. It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing—that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum."[37]

Although a single act, such as a telephone call or mailing a letter, can be sufficient to establish minimum contacts, precedent is clear that communications alone are

---

[35] *Burger King*, 471 U.S. at 476–77.
[36] *Moncrief Oil*, 481 F.3d at 311.
[37] *Burger King*, 471 U.S. at 479 (internal citations omitted).
42943

insufficient when "the communications with the forum did not actually give rise to [the] cause of action."[38] Rather, when communications relating to conducting business are the only contacts, courts generally require some type of "continuing obligations" between the defendant and residents of the forum, such as is found in an ongoing business relationship, to find that the defendant availed himself of the privilege of conducting business in the forum. Only then, "because his activities are shielded by 'the benefits and protections' of the forum's laws, it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well."[39]

On the other hand, for claims of intentional tort, "[a] single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."[40] "When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment."[41]

## III. ANALYSIS

Applying the law to the facts of this case, the Court finds that it lacks general jurisdiction over University. University is incorporated in the State of Delaware and has its only place of business in the State of Pennsylvania.[42] Director of University Services

---

[38] *Wein Air*, 195 F.3d at 213; *Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir.1992).
[39] *Burger King*, 471 U.S. at 476.
[40] *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001) (citing *Brown v. Flowers Indus.*, 688 F.2d 328, 332–33 (5th Cir.1984)(holding that one long distance telephone call alleged to constitute defamation was enough to establish minimum contacts)).
[41] *Wein Air*, 195 F.3d at 213 (5th Cir.1999); *see also, Ross*, 246 Fed.Appx. 856, 859–60 (5th Cir. 2007)(deeming allegations that out of state counsel communicated false information to client in Texas alone sufficient to make prima facie case of specific personal jurisdiction).
[42] Rec. Doc. No. 7-2, *Declaration of Evelyn Ward*, ¶¶ 4-8.
42943

Evelyn Ward ("Ward") declared under penalty of perjury that University has no offices, owns no property, and employs no individuals in the State of Louisiana.[43] Further, Ward states that University is not registered to conduct business in Louisiana, does not maintain a phone listing, telephone, or mailing address in Louisiana,[44] and does not advertise or solicit business in Louisiana.[45] Moreover, Plaintiff failed to plead any facts to establish that University has sufficient "continuous and systematic" contact with Louisiana such that University could be considered "at home" in Louisiana. A single phone call by a University employee in Pennsylvania to a resident of Louisiana does not establish general jurisdiction over University.

The facts alleged by Plaintiff, which must be accepted by the Court as true for purposes of this motion, also fail to satisfy the specific jurisdiction test. The Court finds that University lacks a sufficient relationship to this forum and this litigation. The record demonstrates that the *Helicopteros* test is not satisfied as University's only connection to the instant case is employing Dr. Hellings, who conducted the phone interview of Plaintiff regarding his drug testing results. Further, Plaintiff's presence in Louisiana is insufficient to support the exercise of jurisdiction over University as the Fifth Circuit has held that a plaintiff's own contacts with the forum cannot be used to demonstrate contacts by a defendant.[46] Plaintiff does not allege that University actually participated in the drug

---

[43] *Id.* at ¶ 5.
[44] *Id.* at ¶¶ 6-7.
[45] *Id.* at ¶ 8.
[46] *See Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014)(citing *Walden v. Fiore*, 134 S.Ct. 1115, 1122 (2014)("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum 42943

testing; rather, Plaintiff alleges only that an employee of University placed a call from Pennsylvania to Plaintiff (who is assumed to be in Louisiana at the time although this fact is not alleged) to interview Plaintiff regarding the test results.[47] Additionally, Plaintiff has alleged only negligence – not an intentional tort - against University.

The facts of this case are especially similar to those in *Loicano v. DISA Global Solutions*,[48] decided by the District Court for the Eastern District of Louisiana. Loicano, a Louisiana resident, sued DISA, Psychedemics Laboratory, and Nsuela R. Mukana, M.D. ("Dr. Mukana"), claiming that the result of an unreasonable and unreliable drug screening performed by the defendants resulted in the termination of his employment.[49] Dr. Mukana, a licensed medical doctor in the State of Texas and an independent contractor for DISA, called Loicano twice to discuss the test results. Loicano alleged that Dr. Mukana acted negligently in failing to review or obtain his medical history which contributed to the termination of his employment.[50] Dr. Mukana moved to dismiss for lack of personal jurisdiction, offering nearly identical grounds as those offered in the present case by University.[51]

---

State."); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (determining that the actions of purchasers in driving automobiles sold by the defendant into the forum does not create a relationship between the defendant and the forum); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)).
[47] Rec. Doc. No. 44, ¶¶ X-XI.
[48] No. 14-1750, 2014 WL 531872 (E.D. La. Sep. 16, 2014).
[49] *Id.*
[50] *Id.*
[51] *Id.* at *1 ((1) Defendant is a resident and citizen of Missouri City, Fort Bend County, Texas, (2) Defendant does not practice medicine in Louisiana, (3) Defendant is licensed to practice medicine in Texas, (4) Defendant does not maintain an office or a place of business in Louisiana and does not have any employees or agents within Louisiana, (5) Defendant does not own real property in Louisiana, and (6) Defendant does not manufacture, sell or distribute products in Louisiana.).
42943

The court found that it lacked both general and specific jurisdiction over Dr. Mukana. The court noted that Dr. Mukana's contacts with Louisiana consisted of two phone calls to Loicano's Louisiana phone number and held: "This limited contact is insufficient to establish that Defendant maintained 'continuous and systematic' contact with Louisiana."[52] Addressing specific jurisdiction, the court noted several applicable cases where courts found specific jurisdiction on the basis of one or a few communications with the forum[53] but distinguished *Loicano*, noting that those cases involved allegations of intentional torts:

> This Court distinguishes the present case from those conferring personal jurisdiction because Plaintiff does not allege that Defendant's acts and communications give rise to an intentional tort, but rather Plaintiff alleges negligence. In *Wien Air Alaska v. Brandt*, the court made clear that a finding, on the basis of a communication, that a nonresident defendant *purposefully* availed herself of the benefits and protections of the forum state, turns upon whether the communication gives rise to an intentional tort cause of action. 195 F.3d at 213 (emphasis added). This was underscored by the Fifth Circuit in *Lewis v. Fresne*, where the court acknowledged cases where mere communications were not enough to subject a non-resident defendant to the forum state's jurisdiction, and then stated "[T]hese cases did not, however, involve an intentional tort." 252 F.3d at 359.

> While the exercise of personal jurisdiction could otherwise be reasonable in regard to the nature and quality of the communications in light of the claims asserted, because the Defendant's communications do not give rise to an intentional tort cause of action, this Court cannot find that the Defendant purposefully availed herself of the forum to support this Court's exercise of

---

[52] *Id.* at *2 (citing *Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010)(finding general jurisdiction lacking where insurer owned no offices, property, or accounts in Louisiana, but made intermittent payments to Louisiana plaintiff); *see also Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir.2003)(finding general jurisdiction lacking where defendant company arranged and received shipments and sent salesmen to the forum state)).
[53] *See Wien Air Alaska, supra.*; *Lewis v. Fresne,* 252 F.3d 352, 358–59 (5th Cir.2001); *Hoffman v. Bailey*, 996 F.Supp.2d 477, 484 (E.D.La.2014).
42943

specific jurisdiction over the nonresident Defendant.[54]

The court also rejected any argument that the alleged injury to Loicano was foreseeable to Dr. Mukana:

> Arguably, Defendant could foresee that negligently performed drug screenings could result in wrongful employment terminations in the forum; however, foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum. *Wein Air Alaska v. Brandt*, 195 F.3d at 212. Consistently, the Fifth Circuit has held that "mere foreseeability or awareness is a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Luv N'Care v. Insta–Mix, Inc.*, 438 F.3d at 470 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). However, this case is not one where the Defendant has placed a product into a stream of commerce that led to Louisiana. Plaintiff does not allege, and Defendant in fact denies, that Defendant conducted the drug screening and/or reported the results to the Louisiana employer.

Considering that the facts of *Loicano* are nearly identical to the facts presented in the present case, the reasoning and analysis by the *Loicano* court is applicable to the Court's analysis of jurisdiction over University, and the Court finds that it lacks personal jurisdiction over University. The Court acknowledges that in the present case, Plaintiff has alleged that University reported its findings to DISA and Atlas. Nevertheless, the results of the jurisdictional tests set forth above remained unchanged, there is no allegation that University conducted the drug test or that the drug test results were inaccurate, there is no allegation that University listed Plaintiff as "inactive," and there remains no allegation of an intentional tort. Therefore, University's Rule 12(b)(2) motion shall be granted.

---

[54] *Loicano* at *3-*4.
42943

## IV. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss Pursuant to FRCP 12(b)(2) and/or Alternatively to 12(b)(6)*[55] filed by Defendant University MRO, LLC is GRANTED on the Rule 12(b)(2) motion for lack of personal jurisdiction. University MRO, LLC is hereby dismissed from this case without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 3, 2018.

                                              */s/ Shelly D. Dick*
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[55] Rec. Doc. No. 7. The Court need not consider the alternative request for relief under Rule 12(b)(6).
42943