**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JAMES LEBLANC                                                CIVIL ACTION

VERSUS                                                                17-76-SDD-EWD

DISA GLOBAL SOLUTIONS, INC.,
OUR LADY OF THE LAKE ASCENSION,
LLC, AND UNIVERSITY MRO, LLC

## RULING

This matter is before the Court on the *Motion to Dismiss For Failure to State a Claim*[1] filed by Defendant, DISA Global Solutions, Inc. ("DISA"). Plaintiff, James LeBlanc, ("Plaintiff") has filed an *Opposition*[2] to this motion. Subsequently, Plaintiff filed a *First Amended, Supplemental, and Restated Complaint* ("*Amended Complaint*")[3] which prompted DISA to file a *Supplemental Memorandum*[4] in support of its motion, to which Plaintiff filed a *Joint Supplemental Memorandum in Opposition*.[5] For the reasons which follow, the Court finds that the motion should be denied.

---

[1] Rec. Doc. No. 5.
[2] Rec. Doc. No. 24.
[3] Rec. Doc. No. 44.
[4] Rec. Doc. No. 45.
[5] Rec. Doc. No. 47.
42987

## I. FACTUAL & PROCEDURAL BACKGROUND

This matter involves claims for damages allegedly sustained by Plaintiff resulting from a failed drug test conducted on behalf of his employer, Atlas Copco Rental, LLC ("Atlas"), on February 26, 2016. Plaintiff originally filed this action in state court against DISA Global Solutions, Inc. ("DISA"), Our Lady of the Lake Ascension, LLC, d/b/a St. Elizabeth Physicians ("STEP"),[6] and University MRO, LLC ("University"). Plaintiff alleges that the Defendants were negligent in conducting his drug test.[7] Specifically, Plaintiff alleges he submitted to a random drug test at STEP on February 26, 2016, where STEP employees collected a hair sample for testing,[8] but failed to inquire about or document any medications Plaintiff was taking at the time of the test.[9] STEP sent Plaintiff's hair sample to Psychemedics Laboratory for analysis of the hair sample which resulted in a positive finding of cocaine metabolites.[10] Psychemedics submitted this result to University for evaluation, and Dr. Terri Hellings, M.D., a Medical Review Officer ("MRO") employed by University, interviewed Plaintiff by telephone regarding the test results.[11] Plaintiff alleges that Dr. Hellings did not accept his explanation of legally prescribed medications and reported the findings to DISA and Atlas which resulted in Plaintiff being

---

[6] STEP has recently been dismissed from this action without prejudice. *See* Rec. Doc. No. 51. University's *Motion to Dismiss* for lack of personal jurisdiction was granted by this Court, and University has been dismissed from this action without prejudice. *See* Rec. Doc. No. 54.
[7] Rec. Doc. No. 1-1, pp. 4-9.
[8] Rec. Doc. No. 44, ¶ V.
[9] *Id.* at ¶ VIII.
[10] *Id.* at ¶ IX.
[11] *Id.* at ¶ X.
42987

listed as "Inactive" and prevented him from working in his field for Atlas.[12]

DISA contends Plaintiff has sued DISA for negligence based on the sole allegation that DISA listed Plaintiff as "Inactive" as a result of the drug test. DISA argues Plaintiff has not alleged that the drug test results were inaccurate or that DISA incorrectly listed him as "Inactive." Thus, DISA moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, arguing that Plaintiff has failed to plead the essential elements of duty, breach, and causation on the part of DISA.

## II. PARTIES' ARGUMENTS

DISA contends that its only alleged role in this case is the accurate listing of Plaintiff as "Inactive" after receiving a positive test result for cocaine metabolites, a result that Plaintiff does not allege was incorrect. DISA further contends Plaintiff has failed to allege any duty owed by DISA, and claims that Plaintiff's attempt to assert liability "based solely on the conclusory allegation that DISA 'improperly report[ed] test results as positive' is not sufficient to withstand" a Rule 12(b)(6) motion.[13] DISA also avers that Plaintiff has failed to allege any breach by DISA and has acknowledged that DISA complied with its own policy by listing Plaintiff as "Inactive" as a result of the positive drug test. DISA contends that Plaintiff alleges no facts alleging that DISA was, or should have been, responsible for any of the alleged failures in the drug testing, analysis, or reporting

---

[12] *Id.* at ¶¶ XII-XIII.
[13] Rec. Doc. No. 5-1, p. 5.
42987

process. Finally, DISA contends Plaintiff has failed to plead any facts to show causation on the part of DISA.

Plaintiff opposes DISA's motion and argues that he has set forth sufficient facts to state a claim for negligence against DISA. Particularly, Plaintiff alleges that DISA selected Plaintiff for random drug screening,[14] DISA employed University to investigate non-negative drug test results,[15] and that, although DISA was notified of a problem with Plaintiff's non-negative drug test results,[16] DISA continued to list Plaintiff as "Inactive."[17] Plaintiff alleges that this "Inactive" listing caused Plaintiff to be prevented from working in his field of employment.[18]

Plaintiff contends the allegations pled are sufficient to infer that DISA had a duty to properly verify the test results, properly report the test results, and identify and consider how the presence of legally prescribed medications might affect his test results. Plaintiff contends DISA breached its duty of care through the actions of its employee University and by reporting Plaintiff "Inactive" after being notified of a legitimate medical explanation for the non-negative test result. Further, Plaintiff has clearly alleged causation, asserting that DISA's actions caused him to be prevented from working in his employment field, resulting in the alleged damages.

---

[14] *See* Rec. Doc. No. 14-1, ¶ V.
[15] *See id.* at ¶ VI.
[16] *See id.* at ¶ XIV.
[17] *Id.*
[18] *Id.* at ¶ XIII.
42987

## III. LAW & ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[19] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[20] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[21] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[22] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[23] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[19] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[20] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[21] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
42987

alleged."[24] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[25] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[26] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[27]

### B. Negligence Standard

Louisiana Civil Code article 2315 provides in pertinent part that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." If the act involves the failure to exercise reasonable care, it is deemed negligence.[28] A defendant's conduct must conform to the standard of conduct of a reasonable man under like circumstances.[29]

Under the duty risk analysis employed by Louisiana courts, to state a cause of action in negligence, the following elements must be satisfied: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct

---

[24] *Twombly*, 550 U.S. at 570.
[25] *Iqbal*, 556 U.S. at 678.
[26] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[27] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[28] *Meany v. Meany*, 639 So.2d 229, 233 (La. 1994).
[29] *Id.* at 234.
42987

was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).[30] Under the duty-risk analysis, all inquiries must be affirmatively answered for a plaintiff to recover.[31] The determination of the existence of a duty and the scope of the duty are legal questions to be decided by the court; breach of duty and causation are to be determined by the trier of fact.[32]

### C. Analysis

Under the applicable standard of review, which requires the Court to accept all of Plaintiff's well pleaded facts as true and in the light most favorable to him, the Court finds that Plaintiff has adequately stated a negligence cause of action against DISA. Plaintiff's allegations are plausible on their face, and the factual content of the allegations allows a sufficient basis for the Court to draw the reasonable inference that DISA may be liable for the conduct alleged. Specifically, Plaintiff alleges that DISA, through its employees and/or agents, collected a hair sample from Plaintiff, carried out the testing on the hair sample, and failed to consider Plaintiff's proffered legitimate medical explanation for the non-negative test results. Contrary to DISA's arguments, Plaintiff need not expressly allege a specific duty owed by DISA or that such duty was breached. Rather, the existence of DISA's duty is implied, namely, that DISA exercise reasonable care in the conduct of its

---

[30] *Mathieu v. Imperial Toy Corporation*, 646 So.2d 318, 322 (La. 1994); *Perkins v. Entergy Corp.*,782 So.2d 606, 611 (La. 2001).
[31] *Posecai v. Wal-Mart Stores, Inc.*, 752 So.2d 762, 765 (La. 1999).
[32] *See Meany*, 639 So.2d at 233-234.
42987

drug testing so as to obtain and report correct results in light of any legitimate medical explanation for a non-negative result.

The Court acknowledges DISA's arguments that it did not collect, test, or analyze Plaintiff's sample and that it did not report incorrect test results as Plaintiff does not contend that the test results were inaccurate. Nevertheless, to the extent DISA contests the truth of Plaintiff's allegations, at the 12(b)(6) stage, the Court must accept Plaintiff's allegations as true. Further, even accepting DISA's arguments as true, the issues presented by Plaintiff are not as simple as whether DISA performed the testing or reported a false result. Plaintiff has also alleged negligence in the context of DISA's obligation to investigate and/or properly address a proffered legitimate medical explanation for a non-negative test result. As held by the District Court for the Western District of Louisiana addressing a similar case,

> While these facts may come to light after discovery, and thereafter be properly presented to the Court by summary judgment or other appropriate dispositive motion, the Court cannot consider these statements in the context of this Rule 12(b)(6) motion to dismiss. This motion must be decided solely on the basis of the allegations set forth in [Plaintiff's] well pled complaint, and such allegations must be accepted by this court as true.[33]

Accordingly, DISA's *Motion to Dismiss* shall be DENIED.

---

[33] *Wells v. DISA Global Solutions, Inc.*, No. 6:17-0014, 2017 WL 834990 at *3 (W.D. La. Feb. 6, 2017)(internal citations omitted).
42987

**IV. CONCLUSION**

For the reasons set forth above, the *Motion to Dismiss for Failure to State a Claim*[34] filed by Defendant, DISA Global Solutions, Inc. is DENIED. This matter is referred back to the United States Magistrate Judge for discovery.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 10, 2018.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[34] Rec. Doc. No. 5.
42987