**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES LEBLANC | CIVIL ACTION |
| VERSUS | 17-76-SDD-EWD |
| DISA GLOBAL SOLUTIONS, INC., OUR LADY OF THE LAKE ASCENSION, LLC, AND UNIVERSITY MRO, LLC | |

**RULING**

Before the Court is a *Motion in Limine*[1] filed by the Plaintiff, James LeBlanc. The Defendant, DISA Global Solutions, Inc. ("DISA"), opposed the Motion[2]. For the reasons which follow, the Court finds that the Motion should be denied in part and granted in part.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This matter involves claims for damages allegedly sustained by Plaintiff resulting from a failed drug test conducted on behalf of his employer, Atlas Copco Rental, LLC ("Atlas"), on February 26, 2016. Plaintiff instituted suit initially against several parties alleging negligence in conducting and reporting an employment related random drug screen. The Court has previously reviewed the procedural and factual history of these proceedings and will not reiterate it herein.[3]

---
[1] Rec. Doc. 78.
[2] Rec. Doc. 83.
[3] Rec. Docs. 50, 54 and 55.

## II. THE PRESENT *MOTION IN LIMINE*

Plaintiff moves exclusion of: 1) evidence of Plaintiff's alleged violations of his employer's safety and /or operating rules; 2) testimony that hair tests are 100% reliable; 3) evidence of the Plaintiff's prior alcohol use; and 4) evidence of non-party fault. The Court addresses each *seriatim*.

### A. Evidence of safety and/or operating rules violations

"Plaintiff anticipates that DISA may call some of its witnesses to testify that the Plaintiff violated one or more safety or operating rules of his employer at the time of the drug test in question."[4] Plaintiff argues that such evidence is in the nature of opinion testimony and must be excluded because "DISA has not complied with disclosure requirements regarding expert testimony".[5] Defendant DISA counters the "Plaintiff's request to bar any testimony that Plaintiff violated [his employers' safety or operating] is improper, as it would prohibit any reference to the central issue of this case, which is Plaintiff's positive drug test result."[6] Whether drug use violated the employer's operating or safety rules is irrelevant to the negligence claims asserted against DISA.[7] The Motion is granted without prejudice in the event relevance can be shown at the time of trial.

### B. Evidence of the Reliability of Hair Sample Testing

Plaintiff submits that "[i]t is expected that DISA will attempt to present testimony that hair tests are 100% reliable science".[8] DISA counters that "DISA has not attempted to put forth any evidence that hair sample drug tests are 100% reliable".[9] The *Motion in*

---

[4] Rec. Doc. 80-2, pg. 1.
[5] *Id.*
[6] Rec. Doc. 83, pg. 1.
[7] Rec. Doc. 1-1.
[8] Rec. Doc. 80-2, pg. 2
[9] Rec. Doc. 83, pg. 2.

*Limine* as to the degree of reliability of hair sample testing is premature and deferred to trial.

### C. Evidence of Plaintiff's Prior Alcohol Use

Evidence of the Plaintiff's alleged prior alcohol use would likely run afoul of FRE 404(b). The Court is unpersuaded by the Defendant's argument that "Plaintiff's abuse of alcohol, if any, also bears directly on the question of whether his positive drug test result came about as a result of mistake or accident, as he claims it did."[10] With these observations, the matter is deferred and objections are reserved to the time of trial. The Defendant is instructed that, if the Defendant seeks to offer evidence of prior alcohol use or abuse, the matter must be taken up *in camera* outside the presence of the jury.

### D. Evidence of Non-Party Fault

Plaintiff argues that "allocating the fault of nonparties or dismissed defendants would result in the possibility of penalizing the Plaintiff by forcing the allocation of fault to non-negligent previously dismissed parties thereby reducing his recovery".[11] The *Motion* is Denied. Louisiana's negligence law is one of "pure comparative" fault. The "degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty...". La. Civil Code art 2323. However, "[w]hen the court grants a motion for summary judgment in accordance with the provisions of this Article, that a party or non-party is not negligent, is not at fault, or did not cause in whole or in part the injury or harm alleged,

---

[10] Rec. Doc. 83, pg. 3.
[11] Rec. Doc. 80-2, pg. 4.

that party or non-party shall not be considered in any subsequent allocation of fault." La. CCP art. 966(G).[12]

DISA concedes that the hair sample collector, Our Lady of the Lake Ascension, LLC, d/b/a St. Elizabeth Physicians ("STEP") has been previously adjudicated "free from fault".[13]

The *Motion in Limine* to exclude evidence of non-party fault, other than STEP, is denied as a matter of law.

### III. CONCLUSION

For the reasons outlined above, Plaintiff's *Motion in Limine* to exclude evidence of violation of safety and/or operating rules is GRANTED without prejudice in the event relevance can be shown at the time of trial.

Plaintiff's *Motion in Limine* to exclude testimony that hair tests are 100% reliable is premature and referred to trial.

Plaintiff's *Motion in Limine* to exclude evidence of prior alcohol use is deferred and objections are reserved to the time of trial.

Plaintiff's *Motion in Limine* to exclude evidence of non-party fault, other than STEP, is DENIED as a matter of law.

**IT IS SO ORDERED.** Signed in Baton Rouge, Louisiana on <u>August 29, 2019</u>.

*/s/ Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[12] *See also White v. Louisiana Dep't of Transportation & Dev.,* 2017-629 (La. App. 3 Cir. 12/6/17), 258 So. 3d 11, 14-15.
[13] STEP was dismissed after the Court determined it had been improperly joined to defeat diversity jurisdiction because Plaintiff could not establish duty or cause and, thus, had "no possibility of recovery on his negligence claim against STEP." Rec. Doc. 50, pg. 10.