**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JAMES LEBLANC | CIVIL ACTION |
| VERSUS | 17-76-SDD-EWD |
| DISA GLOBAL SOLUTIONS, INC., OUR LADY OF THE LAKE ASCENSION, LLC, AND UNIVERSITY MRO, LLC | |

**RULING**

Before the Court is a *Motion in Limine to Exclude the Testimony and/or Report of Barry Sachs, D.O.*[1] filed by the Plaintiff, James LeBlanc. The Defendant, DISA Global Solutions, Inc. ("DISA"), opposes the Motion.[2] For the reasons which follow, the Court finds that the Motion should be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This matter involves claims for damages allegedly sustained by Plaintiff resulting from a failed drug test conducted on behalf of his employer, Atlas Copco Rental, LLC ("Atlas"), on February 26, 2016. Plaintiff instituted suit initially against several parties alleging negligence in conducting and reporting an employment-related random drug screen. The Court has previously reviewed the procedural and factual history of these proceedings and will not reiterate it herein.[3]

---

[1] Rec. Doc. 77.
[2] Rec. Doc. 85.
[3] Rec. Docs. 50, 54 and 55.

## II. THE PRESENT MOTION IN LIMINE

Barry Sachs, D.O. was designated by the defendant as an expert Medical Review Officer ("MRO"). Plaintiff moves to exclude Dr. Sachs' opinions, arguing that he lacks the qualifications to render an expert opinion, that his opinion lacks reliability, and that his conclusions are the product of bias.[4]

### A. Qualifications

Dr. Sachs is a licensed Doctor of Osteopathic Medicine. He is a fellow of the American College of Osteopathic Surgery since 1983, a licensed General Surgeon since 1984, and a Medical Review Officer since 1996. Plaintiff argues that "even with his 18 years as an MRO, [Sachs] has never testified at trial as an expert witness, has never been qualified as an expert in any Court, has not written any articles on MROs, policies, procedures, regulations, etc., and cannot be qualified as an expert in this case."[5]

The court disagrees and finds that Dr. Sachs is qualified by education, training, and experience to give opinion testimony in the field and discipline of Medical Review.

### B. Reliability

On the issue of reliability, the question before the court is whether the proffered opinions have evidentiary reliability. Specifically, the question is whether the proffered opinions are the result of the application of the theory, techniques and/or practices that are generally accepted in the expert's field.[6] In this case, Dr. Sachs is a retained expert and was not the MRO. Dr. Sachs' expert report reveals that he proposes to give opinion

---

[4] Rec. Doc. 77-1.
[5] *Id.* at p. 3 (citations omitted).
[6] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

testimony on the methodology employed by MROs and whether appropriate procedures were followed in this case.[7] In arguing that Dr. Sachs' opinions are unreliable, the Plaintiff conflates reliability with Dr. Sachs' expert qualifications. The court finds no grounds set forth by the Plaintiff that suggest Dr. Sachs' opinions are the product of unreliable methodology. Dr. Sachs possesses the requisite education and experience to opine as to the means and methodologies typically employed by Medical Review Officers. Dr. Sachs reviews the policies and procedures employed in this case and reliably concludes that the "appropriate procedures spelled out in the DCCHT Policy were followed."[8] The court finds no merit in the Plaintiff's reliability objection. The bases of Dr. Sachs' opinions can be adequately tested on cross examination.

### C. Bias

Plaintiff moves to exclude Dr. Sachs' opinion testimony on the grounds of bias arguing that:

> Sachs is not an impartial and disinterested witness. His primary income is from University Services, which was initially a defendant in this matter, and is arguably a subsidiary company of DISA. Sachs was the only MRO for DISA for 12 years, then DISA outsourced its MRO department to University Services. Sachs has been employed by University Services since 2013 and receives from them his primary income of approximately $46,800.00 per year, as compared to income of approximately $20,800.00 per year and $500.00 per year from his two other sources of work as an MRO.[9]

The defendant counters that Dr. Sachs "is a *contractor* of University MRO, LLC [and] other entities."[10] The mere fact that Dr. Sachs may have contracted for a subsidiary of the defendant DISA does not disqualify him from providing opinion testimony on the

---

[7] Rec. Doc. 77-3.
[8] *Id.*
[9] Rec. Doc. 77-1 p. 5.
[10] Rec. Doc. 85 p. 2 (emphasis in original).

means and methods to be observed by Medical Review Officers generally and the policies and procedures used by the MRO in this case. The court finds that the Plaintiff can adequately explore alleged bias on cross examination.

## III. CONCLUSION

For the foregoing reasons, the Plaintiff's *Motion in Limine to Exclude the Testimony and/or Report of Barry Sachs, D.O.* (Rec. Doc. 77) is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 26, 2019</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**